UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORI A. HEITMANN,

    Plaintiff,

v.                         Case No:  2:12-CV-78-FtM-29SPC

ROBERT L. FRANCOLETTI,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court on Defendant's Motion to Determine Rent (Doc. #11) filed on April 30, 2012.  Defendant argues, pursuant to his counterclaim for eviction, that Plaintiff, as a hold-over tenant, should be required to deposit rent in the Court's registry as set forth in Fla. Stat. § 83.60(2).  On June 13, 2012, the Court conducted an evidentiary hearing relating to an alleged lease agreement, which is the basis of the Defendant's Motion to Determine Rent.  During this hearing, both parties admitted in testimony that a lease agreement was executed between them.  Therefore, based on this testimony, the Court determined that a lease agreement existed between the parties. Under Fla. Stat. § 83.60(2), a tenant is required to pay into the registry of the court the accrued rent as alleged in a landlord's action for possession if the tenant interposes any defense other than payment.

    Thus, because both parties admitted to having a lease agreement between them, the Plaintiff is required to pay into the registry of the Court the six (6) months of accrued rent as alleged in the Defendant's action for possession. The lease agreement, which as stated above was

1

admitted into evidence by the Defendant, lists the rent amount as five hundred dollars (500) per month due on the eleventh day of each month. (Def. Ex. 1). The Plaintiff has failed to pay rent from January 2012, to present – a period of six (6) months. Therefore, the Plaintiff is required to place into the Court's registry six months worth of accrued rent at a rental rate of five hundred (500) dollars per month and five hundred (500) dollars on the eleventh day of every month while this action remains pending.

In addition, the Defendant argued that because the Plaintiff is a "holdover tenant," due to the fact that she has not paid any rent since January, the Court should allow the Defendant to recover double the amount of rent for the period the Plaintiff refused to surrender possession. *See* Fla. Stat. § 83.58. The Defendant asks that this amount be placed in the Court's registry. After careful consideration of this matter, and understanding the Court is not determining the ultimate issue in this case, the Court will reject the Defendant's argument and require the Plaintiff to pay into the registry a reasonable amount which has been determined by the Court to be five hundred (500) dollars per month.

At the hearing, the Plaintiff requested 90 days to deposit the rents into the registry as she is hoping to get a settlement in another action which would assist her in fulfilling the obligation. However, because the Court determined that the Plaintiff should have been depositing monies into the registry since January, the Court will only allow the Plaintiff an additional thirty (30) days to do so.[1]

---

[1] Even though the Court finds, based on testimony, that a lease agreement existed between the parties such that rent should be deposited in the Court's registry pursuant to Fla. Stat. § 83.60(2), the Court makes no findings relating to the ultimate issues of the case; including a determination of whether this

2

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Determine Rent and Incorporated Memorandum of Law (Doc. #11) is **GRANTED**. Plaintiff shall have up to and including **July 13, 2012**, to deposit the accrued rent in the Court's registry.

2. Plaintiff may pay the money into the Court's registry by cash or money order. The money order shall be made payable to "Clerk, U.S. District Court," and shall include the case number on the money order (2:12-cv-78). The money order may be mailed to the United States Courthouse and Federal Building, 2110 First Street, Fort Myers, Florida 33901, or Plaintiff may bring the money order in person to the Clerk's Office at the aforementioned address. If Plaintiff pays by cash, she must do so in person at the Clerk's Office.

3. The Clerk of Court is directed to docket a copy of the receipt in the case file.

4. Plaintiff's Motion to Determine Rent and Memorandum of Law in Support Thereof (Doc. #10) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th Day of June, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

transaction violated Truth In Lending Act, Home Owner's Equity Protection Act, Florida's Fair Lending Act, or Florida's Usury statute.