```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LORI A. HEITMANN, also known as LORI
ANN TENAGLIA,

                Plaintiff,

vs.                                  Case No.   2:12-cv-78-FtM-29SPC

ROBERT L. FRANCOLETTI,

                Defendant.
_____

## OPINION AND ORDER

    This matter comes before the Court on review of counter-plaintiff/defendant's Motion for Entry of Default Final Judgment of Eviction (Doc. #21) filed on August 16, 2012. No response has been filed and the time to respond has expired. Defendant did not seek and has not obtained a Clerk's default pursuant to Federal Rule of Civil Procedure 55(a). Therefore, the motion for a final default judgment will be denied as premature. Additionally, the Court finds that defendant has not provided sufficient evidence to establish the truth of the allegations or to counter the affirmative defenses of plaintiff in support of the default judgment.

    Federal courts are courts of limited jurisdiction and "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ.

of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409, 410 (11th Cir. 1999)(citations omitted).

The Complaint (Doc. #1) in this case seeks rescission and statutory damages under the Home Ownership and Equity Protection Act of 1994, the Truth In Lending Act, and two Florida statutes. The general allegations are that plaintiff needed a $20,000 loan and contacted a financial consultant and unlicensed mortgage broker by the name of Rick Ellis. Ellis arranged for the loan and placed plaintiff in contact with Doug Lousey, a real estate agent and mortgage broker. Lousey met with plaintiff and told her he had an investor, the defendant, who wished to buy her house. Plaintiff stated that she did not want to sell her home. Lousey suggested that defendant could fund the loan as a sale/leaseback with an option to repurchase. Plaintiff agreed out of desperation, but did not realize that she would have to pay rent for two years prior to having the ability to repurchase the home and then would have to repurchase the property for $35,000 after paying $12,000 in rent. Plaintiff was not provided copies of the documents that were executed. The transaction gave defendant an interest in the property where plaintiff continues to reside. Subject-matter Jurisdiction is based on the federal question presented.

The Counterclaim by Robert L. Francoletti alleges that plaintiff is a tenant in possession of real property for which defendant is the landlord, and plaintiff failed to pay three months

rent. Defendant seeks to take possession of the property pursuant to Florida Statute Section 83.59, and damages in the amount of double rent for breaching a Lease pursuant to Florida Statute Section 83.58. No federal claim or diversity of citizenship is pled in the Counterclaim. Plaintiff responded to the Counterclaim denying that the landlord-tenant relationship exists, and asserting an affirmative defense that ejection or foreclosure is the proper cause of action, not summary eviction. (Doc. #9.)

A compulsory counterclaim must be stated by the pleader if the claim:

> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). A compulsory counterclaim "falls within the ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration." Plant v. Blazer Fin. Servs., Inc. of Ga., 598 F.2d 1357, 1359 (5th Cir. 1979)[1](collecting cases). A federal court has no jurisdiction over a permissive counterclaim without an independent jurisdictional basis. East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n, 888 F.2d 1576, 1578-79 (11th Cir. 1989). The

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Court finds that the counterclaim for rent stemming from the agreement on which plaintiff seeks relief sufficiently arises from the same transaction and does not require another party. Therefore, the Court finds that ancillary jurisdiction does exist.

>Florida Statute Section 83.59(2) provides:
>
>A landlord, the landlord's attorney, or the landlord's agent, applying for the removal of a tenant shall file **in the county court of the county** where the premises are situated a complaint describing the dwelling unit and stating the facts that authorize its recovery. . . .

Fla. Stat. § 83.59(2)(emphasis added). "The county court shall have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except that the circuit court also has jurisdiction if the amount in controversy exceeds the jurisdictional limits of the county court. . . ." Fla. Stat. § 34.011(2). Circuit courts have exclusive jurisdiction over actions of ejectment and all actions involving the title and boundaries of real property. Fla. Stat. § 26.012(2)(f), (g). In either case, whether the Counterclaim is properly brought as an eviction action or an ejection action, it would appear that the matter rests exclusively in state courts. <u>Ward v. Estate of Ward</u>, 1 So. 3d 238, 239 (Fla. 1st DCA 2008).

Accordingly, it is now

**ORDERED**:

1. Counter-plaintiff/defendant's Motion for Entry of Default Final Judgment of Eviction (Doc. #21) is **DENIED** without prejudice.

2. Counter-plaintiff/defendant Robert L. Francoletti shall show cause within **FOURTEEN (14) DAYS** why the Court has subject-matter jurisdiction over the Counterclaim (Doc. #8).

**DONE AND ORDERED** at Fort Myers, Florida, this   24th   day of September, 2012.

*[signature: John E. Steele]*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record